BUCKEWELL (WOODS v.). See Case No. 17,991.

## Case No. 2,084.

### The BUCKEYE.

[7 Biss. 23.][1]

Circuit Court, N. D. Illinois. Oct. Term, 1863.

CARRIERS—DAMAGE TO CARGO BY FIRE—PROOF OF NEGLIGENCE—GENERAL AVERAGE.

1. Negligence cannot be inferred from the fact that a vessel is on fire. If the vessel were properly protected from fire, negligence must be proved.

[Distinguished in The Guiding Star, 53 Fed. 947.]

2. Damage to cargo by water used in extinguishing fire does not constitute a case [for] general average.

[Disapproved in The Roanoke, 46 Fed. 299.]

Appeal from the district court of the United States for the northern district of Illinois.

In admiralty. This was a libel by William F. Tucker against the propeller Buckeye, owned by the Northern Transportation Company, and navigating the lakes, to recover damages for injury to part of the cargo in July, 1871. The libellant shipped on board the propeller for Chicago, a quantity of merchandise, and, while the propeller was at Detroit, embarking passengers, she was found to be on fire, in the hold, near the boiler. No one in charge of the propeller knew anything about the origin of the fire. An attempt to start the pony engine was unsuccessful, and the crew could make no impression on the fire with buckets. The fire department of Detroit then took charge of the fire, and, with their steam engines, extinguished it; but, in so doing, entirely destroyed with water the libellant's property in the hold of the propeller. Protest was entered by the captain at Detroit. The bill of lading contained the usual exceptions from fire risk.

[The libel was dismissed in the district court (case unreported), and libellant appealed. Affirmed.]

Robert Rae and F. L. Chase, for libellant. R. P. Spaulding and H. F. Waite, for respondent.

DAVIS, Circuit Justice. The libellant relies on two points to recover: First, that the fire was the result of negligence on the part of the officers of the boat; second, if this is not so, that he is entitled to contribution on the principles of general average.

In regard to the first point, no negligence has been shown, and the burden of proof is upon the libellant.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

There is no proof how the fire originated, and the evidence is clear that the boat was as well protected against fire as any vessel that ordinarily navigates the lakes. Unless negligence can be inferred from the fact that the boat was on fire, there is nothing in the case to condemn her on this account, and I think it would be going too far to apply such a rule as this.

The second question is one of general interest, and not without its embarrassments.

It is a principle founded in the highest equity, that when the ship and cargo are in imminent peril, and the whole venture is threatened with destruction, if any portion of the cargo or ship are sacrificed to save the common venture then the whole should contribute to pay the loss incurred for this purpose.

Is this such a case? The ship was not scuttled; no plank was broken, nor was the cargo sacrificed or intended to be sacrificed. And there is nothing to show that there was any intent to transfer the peril from the vessel to the particular goods. It may be said that the water could not be thrown into the hatches without injuring the goods. This is so, but to bring the case within the doctrine of general average, there must have been a particular, voluntary purpose to destroy these goods, or to imperil them. It is true the water injured the goods, but it was not a foreseen or intended consequence, and in what was done the safety of the common venture was not thought of. The water was used to extinguish the flames without reference to the cargo, and although the captain hazarded the goods, he did not intend to destroy them, nor were they selected to suffer the peril in the place of the whole, in order to save the remainder. This must be done in order to bring the case within the principle of general average as announced by the supreme court in Barnard v. Adams, 10 How. [51 U. S.] 270.

The decree of the district court is affirmed.

NOTE [from original report]. To constitute a case for general average, three things must occur: A danger in which ship, cargo and crew all participate; a voluntary jettison of some proportion for the purpose of avoiding the common peril; this attempt to avoid the common peril must be successful. The Congress [Case No. 3,099].